RAWLINGS *v.* COLLINS.

SPECIFIC PERFORMANCE; REAL-ESTATE BROKERS; TRUSTS; PRINCIPAL AND AGENT.

1. Specific performance as a matter of right will never be decreed when it is inequitable to do so.

2. It is the duty of a real-estate broker, acting for the owner of real estate. to keep nothing concealed from his principal in his efforts to bring the principal and the prospective purchaser together, including the identity of the purchaser and the true consideration to be paid.

3. If a party holding a fiduciary relation to another has created a situation which affords him an opportunity to perpetrate a fraud on the other, equity will refuse to extend him relief, whether fraud in fact exists or not.

4. Specific performance of a contract to sell real estate will not be decreed at the instance of the purchaser, where it appears that he was the principal officer of a corporation which acted as broker in the transaction for the seller, and that the name of the proposed purchaser did not appear in the contract of sale, and was not disclosed to the seller until after the contract was signed. (Citing *Mannix* v. *Hildreth,* 2 App. D. C. 259.)

5. *Quære,* whether an instrument relating to the sale of real estate grants a mere option to purchase or is an absolute contract of sale, binding on the owner, where it acknowledges the receipt from a broker corporation of a sum of money to be applied as part payment on account of the purchase price of the property, which is described, and provides that the forfeiture of the deposit shall not relieve the purchaser from liability to comply with the terms of sale, and is signed by the owner and the broker company as agent for an undisclosed purchaser, who afterwards turns out to be an officer of the corporation; and also, *quære,* what, if any, rights the purchaser under such circumstances would have against the owner at law. (Citing *Lenman* v. *Jones,* 33 App. D. C. 7.)

No. 2158. Submitted November 2, 1910. Decided December 5, 1910.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia, sitting in equity, dismissing a bill for the specific performance of a contract for the sale of certain real estate. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a suit in equity, brought in the supreme court of the District of Columbia, to compel the specific performance of a contract for the sale of certain real estate situated in the city of Washington. The contract alleged to have been entered

into between appellant, Jesse W. Rawlings, plaintiff below, and appellee, Lewis E. Collins, defendant, is shown by a written memorandum signed by the defendant on January 28, 1909, which is as follows:

Frank T. Rawlings Company,<br>
Washington, D. C., Jan. 28th, 1909.

$100. Received of Frank T. Rawlings Company, agent, a deposit of $100, to be applied as part payment in the purchase of sub-lot 33 in square 144, with improvements thereon, being premises No. 1824 E street, N. W., in the city of Washington, District of Columbia. The purchaser is required and agrees to make full settlement in accordance with the terms of this agreement within forty days from this date, and on default deposit will be forfeited.

Price of property, $1,920.

Terms of sale, all cash, clear of encumbrance.

Good record title, or deposit returned.

Interest on trust, rents, insurance, general and special taxes now due or pending to be adjusted to date of settlement.

Examination of title, conveyancing, and recording at cost of purchaser.

The forfeiture of deposit does not relieve the purchaser of the responsibility to comply with the terms of sale.

This contract is made subject to the approval of the owner.

Frank T. Rawlings Company, Agents,<br>
Per J. W. Rawlings, Vice Pres't.

Accepted by

    Frank T. Rawlings Company, Agt., Purchaser,

Per J. W. Rawlings, V. P.

Approved,

    Lewis E. Collins, Owner.

Subsequently, on the 13th day of March, 1909, the plaintiff appeared before a notary public and acknowledged this instrument, and, on the same day, filed it for record in the office of the recorder of the District of Columbia.

It appears that, after the agreement was made, and before the expiration of the forty days, the plaintiff made certain repairs on the property, alleged to have cost $48, and made an examination of title at a cost of $25. There was also an outstanding encumbrance against the property, amounting to $1,000, the release of which plaintiff undertook to secure. It is alleged by plaintiff that, owing to delays, this release was not secured until the 13th of March, 1909,—four days after the time had expired for the completion of the sale. It further appears that plaintiff, on or prior to the date fixed for closing the sale, sent a deed for the property to the defendant, which was executed and retained by him. On the day following, plaintiff secured certain *data* in relation to taxes, etc., from the defendant, notifying him that he would get up a statement, bring down a check for the amount due defendant, and get the deed. On or about the 10th day of March, plaintiff went to defendant and tendered a check for the purchase money, offered at the same time to bring the amount in gold, or in any way which would make it more binding; but defendant refused under any conditions to accept it or deliver the deed, declaring the sale off, and that he would forfeit to plaintiff the amount of the deposit and the value of the repairs made. On hearing, the court entered a decree dismissing the bill, and the case was brought here on appeal.

*Mr. Eugene A. Jones* for appellant.

*Mr. John Ridout* for appellee.

Mr. Justice Van Orsdel delivered the opinion of the Court:

It will be observed from an examination of the written agreement that the Frank T. Rawlings Company was acting as agent both for the vendor and vendee; and that, when the defendant approved the instrument as owner of the property, there was no disclosure upon its face of the name of the vendee, and it appears by the evidence that no disclosure was at that time

made. Subsequently, it was disclosed that the vendee was in fact the vice president of the agent company.

It is contended that this instrument, executed under the conditions above stated, is not such a contract as a court of equity will specifically enforce. It is unnecessary to enter into an extensive discussion of the duty of an agent to his principal under circumstances such as are presented in this case. As this court said in *Mannix* v. *Hildreth,* 2 App. D. C. 259 : "An agent's duty is to obtain 'the best price that he can for his principal, and scrupulously to avoid placing himself in a situation which may conflict with his duty. And any attempt to occupy the relation of agent to two persons whose interests conflict, whether with or without notice to them, is to be condemned as contrary to good morals and the principles of equity." In the present case, plaintiff was not only the purchaser, but one of the chief officers of the agent company. This brings the transaction within the condemnation of an ancient and well-established rule of equity. "The rule of equity is, in every code of jurisprudence with which we are acquainted, that a purchase by a trustee or agent of the particular property of which he has the sale, or in which he represents another, whether he has an interest in it or not,—*per interpositam personam,*—carries fraud on the face of it." *Michoud* v. *Girod,* 4 How. 503, 11 L. ed. 1076. It is also well settled that specific performance is not a matter of right, and will never be decreed when it is inequitable to do so. *Willard* v. *Tayloe,* 8 Wall. 557, 19 L. ed. 501.

Where it appears that an agent in the sale of real estate is acting for both parties, and induced the vendor to approve a contract for the sale of property to an undisclosed vendee, the whole transaction should be scrutinized with the utmost care. Especially is this true where it subsequently develops that the purchaser is one of the chief officers of the agent company.

It is the duty of an agent to disclose fully to his principal every step taken by him in the transaction of the principal's business. If it be the sale of real estate, he should keep nothing concealed in his efforts to bring the owner and prospective pur-

chaser together. The identity of the purchaser and the true consideration should be instantly disclosed. Under such circumstances the courts afford ample protection to the agent against any attempt on the part of the principal, through direct dealing with the purchaser, to eliminate the agent from the transaction and escape compensating him for his services. On the other hand, the principal will be protected against any concealed, undisclosed action on the part of the agent, whereby the agent or anyone whom he secretly represents may secure an unfair advantage or occupy a position where a possible fraud might be perpetrated. The actual commission of fraud in such case is not necessary. If one of the parties has created a situation affording an opportunity for its perpetration, whether fraud in fact exists or not, courts of equity will refuse to extend such party any relief. This is especially true where the agent and the purchaser are either the same person or acting in collusion.

The instrument before us is assailed on the ground that it is not a contract of sale, but a mere option with a time limitation; that while its provisions are drastic as to the vendor, it leaves it optional with the vendee to either proceed to carry out the term of the agreement or forfeit the cash payment of $100. This court in *Lenman* v. *Jones,* 33 App. D. C. 7, held a similar agreement for the sale of real estate to constitute a valid contract of sale for which specific performance could be enforced. In that case, however, the agent represented the purchaser only, and the contract was signed by the vendor and the vendee. But that is not this case. Here the agent represented both vendor and vendee, the agent being in effect the purchaser. No disclosure of the name of the purchaser was made to the vendor until a deed was presented for execution. Neither was the instrument, which it is here sought to have declared a contract of sale, signed by the actual purchaser. The execution of the deed by defendant is not material in this connection, since he elected before delivery to repudiate the transaction. Without expressing any opinion as to whether or not the instrument before us is an option or a contract, it may

be treated as a contract without improving in the least the equitable status of the plaintiff. For the same reason, it is unnecessary to determine what standing plaintiff would have in a court of law. It is sufficient for the purposes of this appeal to suggest that he appears in an atmosphere so contaminated with secrecy and opportunity for unfair dealing, and so foreign to the proprieties of agency, that it shocks the refinements of equity.

The decree is affirmed with costs, and it is so ordered.

*Affirmed.*